UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil No. 13-MC-0088 (RHK/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Douglas C. Skaug, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on the United States of America's Petition to Enforce Internal Revenue Service Summons Issued to Douglas C. Skaug (ECF No. 1). At the hearing on the petition, Bahram Samie appeared on behalf of the United States and Douglas C. Skaug ("Skaug") appeared pro se. The Court recommends that the petition be granted in part and denied as moot in part.

I.   BACKGROUND

Internal Revenue Service (IRS) Officer Dale Mikel is investigating the federal income tax liability of Skaug for the years of 2005-2012. (Mikel Decl. ¶ 2, Oct. 23, 2013, ECF No. 2.) To further the investigation, Mikel issued an administrative summons directing Skaug to the IRS office in St. Paul on June 5, 2013. (*Id.* Ex. A, ECF No. 2-1.) Skaug was to testify and to produce for examination all documents and records regarding income he received from 2005-2012. (*Id.*) Skaug failed to appear, prompting the IRS to send a "last chance" letter instructing Skaug to appear on July 31, 2013. (*Id.* Ex. B, ECF No. 2-2.) This too was unheeded by Skaug, prompting the United States to commence this action. (Pet., Oct. 28, 2013, ECF No. 1.) Soon thereafter, the Court issued an Order to Show Cause. (Order, Oct. 30, 2013, ECF No. 3.)

On December 10, 2013, the Court heard oral argument on the petition. At the hearing, the United States indicated that Skaug had satisfied the portion of the summons involving tax year 2012. (Samie Letter, Dec. 23, 2013, ECF No. 6.) Since the hearing, the United States filed a letter on December 23, 2013, informing the Court that the IRS received and processed Skaug's returns for 2005, 2006, 2007, 2008, and 2009. (*Id.*) The letter noted that, as a result of the processing of those returns, the only remaining returns subject to the summons enforcement proceeding are for the years 2010 and 2011. (*Id.*)

## II.   DISCUSSION

Before enforcing a summons issued by the IRS, a court must find that the summons (1) was issued for a legitimate purpose, (2) targets information relevant to that purpose, (3) requests information not already in the IRS's possession, and (4) satisfies all administrative steps under the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

At the hearing, Skaug did not contest the summons on any of the *Powell* grounds and instead expressed the desire to comply. He asserted that the 2010 and 2011 returns would be filed in early February. Even if Skaug had objected, Mikel's declaration establishes that the *Powell* requirements are satisfied. The summons was issued for the legitimate purpose of investigating Skaug's federal income tax liability. The books, records, papers, and other requested documents and testimony are relevant to that purpose. The IRS has not obtained the documents or information through other means. Lastly, Mikel was authorized to issue the summons, and there is no indication the summons does not comply with all administrative requirements.

## III.   RECOMMENDATION

The IRS summons was issued for a legitimate purpose, seeks relevant information, requests information the IRS does not already possess, and fulfills all administrative

requirements. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The United States of America's Petition to Enforce IRS Summons (ECF No. 1) be **GRANTED IN PART** and **DENIED AS MOOT IN PART**. As to years 2010 and 2011, Skaug shall have until Friday, February 14, 2014, to comply with the summons. As to years 2005, 2006, 2007, 2008, 2009, and 2012, Skaug need not take further action as the United States has indicated that Skaug already complied with the summons requests for those time periods; and

2. **JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  January 6, 2014

 s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 24, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.